IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: ADMINISTRATIVE FORFEITURE MATTERS. | 8:20-MC-72<br><br>ORDER |

    This matter is before the Court on the government's motion (filing 1) to extend deadlines for providing notice in certain administrative forfeiture proceedings. The Court will grant the government's motion.

    In nonjudicial civil forfeiture proceedings, under 18 U.S.C. § 983(a)(1)(A), the government must generally act within 60 days of seizing property to (1) provide written notice to interested parties, (2) file a civil forfeiture action, or (3) obtain a criminal indictment containing a forfeiture allegation for the property.[1] But, among other things, § 983(a)(1)(C) provides that:

> Upon motion by the Government, a court may extend the period for sending notice under subparagraph (A) for a period not to exceed 60 days, which period may be further extended by the court for 60-day periods, as necessary, if the court determines, based on a written certification of a supervisory official in the headquarters office of the seizing agency, that the conditions in subparagraph (D) are present.

---

[1] The deadline is 90 days if the property was seized by state or local officials and turned over to federal law enforcement, but the requirements are otherwise the same. § 983(a)(1)(A)(iv).

The "conditions in subparagraph (D)" include "endangering the life or physical safety of an individual." § 983(a)(1)(D)(i). Further, when a person files a claim with the government asserting an interest in seized property, the government has 90 days to file a complaint for forfeiture pursuant to federal rules of civil procedure, pursue a criminal forfeiture, or return the property. § 983(a)(3)(A). But that period can also be extended by the Court in the district where the complaint will be filed "for good cause shown." *Id.*

The government is asking the Court for blanket extension of these deadlines based on the COVID-19 pandemic, presenting evidence that to continue meeting these deadlines, its employees would be required to endanger themselves by disregarding public health guidelines. The Court finds that evidence persuasive, having made similar findings with respect to its own operations. *See* General Order 2020-04. The Court recognizes that the statutory authority to extend these deadlines has generally been understood to refer to circumstances in which the danger was to witnesses or undercover operations, not administrators. *See United States v. $10,160.00 in U.S. Currency,* No. 3:11-CV-1612, 2012 WL 3608578, at *3 (D. Conn. Aug. 22, 2012); *accord United States v. 2014 Mercedes-Benz,* 162 F. Supp. 3d 1205, 1210 (M.D. Ala. 2016); *United States v. Funds from Fifth Third Bank Account,* No. 2:13-CV-11728, 2013 WL 5914101, at *9 (E.D. Mich. Nov. 4, 2013). Nonetheless, the Court finds that on the government's evidence, the standards set out in the statutory text are satisfied.[2] Accordingly,

---

[2] Whether the delay that may result in any particular case is consistent with due process is a question the Court cannot presently address. *See United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in U.S. Currency,* 461 U.S. 555, 564-65 (1983); *Matter of One White Jeep Cherokee,* 991 F. Supp. 1077, 1084 (S.D. Iowa 1998).

IT IS ORDERED:

1. The government's motion to extend deadlines (filing 1) is granted.

2. For all federal seizures of property in the District of Nebraska between February 3 and April 30, 2020, the deadline established by 18 U.S.C. § 983(a)(1)(A)(i) for the seizing agency to commence administrative forfeiture proceedings is extended by 60 days.

3. For all seizures of property by state or local law enforcement agencies in the District of Nebraska between January 3 and April 30, 2020 which were adopted by a federal agency with administrative forfeiture authority, the deadline established by 18 U.S.C. § 983(a)(1)(A)(iv) for the adopting agency to commence administrative forfeiture proceedings is extended by 60 days.

4. The deadline established by 18 U.S.C. § 983(a)(3)(A) for filing a civil forfeiture complaint or inclusion of an asset in a criminal indictment following an agency's receipt of a timely administrative claim between February 3 and April 30, 2020 is extended by 60 days.

5. If a supervisory official in the headquarters office of any seizing agency extended any administrative notice deadline pursuant to 18 U.S.C. § 983(a)(1)(B) on or before March 31,

2020, the deadline for sending the required notice is further extended by 60 days from the current deadline.

6. Further extensions of no more than 60 days each may be granted upon an appropriate showing.

Dated this 20th day of April, 2020.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge